IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW SJOTHUN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Crim. No. 3:06-cr-61-02 |
| -vs- | ) | Civ. No. 3:07-cv-91 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### Memorandum Opinion and Order

Before the Court is Petitioner Matthew Sjothun's motion
under 28 U.S.C. § 2255 (doc. #61).[1]  Because the motion is
without merit, it is **DENIED**.

**I.   Facts**

In June 2006, the grand jury indicted Sjothun with his
brother Michael Sjothun; the indictment charged them with
conspiracy, in violation of 18 U.S.C. § 371, and with aggravated
identity theft, in violation of 18 U.S.C. § 1028A (doc. #8).  The
Indictment alleged Michael and Matthew Sjothun conspired to
acquire a passport with Michael's personal information but
Matthew's picture, thus creating a false passport for Matthew to
use.

Sjothun entered into a non-binding plea agreement under
which he agreed to plead guilty to conspiracy (doc. #41).  In
December 2006, Sjothun was sentenced to twenty months

---

[1] All citations to the docket are to the criminal docket,
3:06-cr-61.

imprisonment.   Ten months were to be served concurrently with his undischarged imprisonment from the United States District of Minnesota for a marijuana charge.   The remaining ten months were to be served consecutive to the District of Minnesota imprisonment.

Sjothun now asks this Court to vacate his sentence under 28 U.S.C. § 2255, arguing ineffective assistance of counsel.   He claims his attorney failed to investigate facts that allegedly show no criminal offense occurred.   He also claims his attorney gave him false information on what sentence he could receive.

## II. Discussion

Sjothun waived his right to seek post-conviction relief in his plea agreement.   A plea agreement provision that contains a waiver of appeal and habeas corpus rights is enforceable provided the waiver is knowing and voluntary.   United States v. DeRoo, 223 F.3d 919, 923 (8th Cir. 2000)(citing United States v. His Law, 85 F.3d 379 (8th Cir. 1996)).   Id.   However, a defendant cannot waive his right to claim ineffective assistance of counsel relating to the negotiation of, or entry into, the plea agreement.   Id. at 924.   Because the only argument Sjothun makes is related to the effectiveness of his counsel, his motion has not been waived.

"A defendant faces a heavy burden to establish ineffective assistance of counsel pursuant to section 2255."   United States v. DeRoo, 223 F.3d 919, 925 (8th Cir. 2000).   The petitioner must

show, first, that his attorney's representation was objectively deficient and, second, the attorney's deficient performance prejudiced his case. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  The reasonableness of counsel's conduct is judged at the time of the challenged conduct. <u>Id.</u> at 690.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." <u>Id.</u>

First, Sjothun contends his attorney failed to investigate the facts of this case that allegedly show no criminal offense occurred.  According to Sjothun, he and his brother did not conspire to falsely acquire a passport.  Matthew Sjothun claims Michael Sjothun and he went to a local Wal-Mart to have passport photos taken.  After that, Matthew Sjothun returned to Brooklyn Center, Minnesota and applied for a passport.  He received a valid passport with his own information and photo on it.  Michael Sjothun applied for a passport in Fargo, North Dakota.  When Michael applied for a passport, he accidentally gave the passport office the wrong photograph, which he did not discover until he received the passport by mail in July 2005.  Sjothun argues that had his attorney investigated the truth of these facts, he would not have advised Sjothun to plead guilty.  Therefore, his counsel's assistance was ineffective.

The Court concludes this new recitation of the facts is frivolous.  It is completely contradictory to the factual basis the Court discussed with Sjothun under oath at his change of

3

plea.  It is also contradictory to the factual basis the Court discussed with Michael Sjothun under oath at his change of plea. The docket clearly shows the defense attorney worked on this case extensively, including when Matthew Sjothun claimed he would retain his own attorney.  Sjothun has provided no proof other than his incredible and new recitation of facts that counsel did not conduct an investigation.  Counsels work on this case, as reflected in the docket, shows counsel representation did not fall below <u>Strickland</u>'s objective standard for attorneys.

Second, Sjothun argues his attorney's representation was ineffective because his attorney assured him he would not receive any more imprisonment than he was previously sentenced to in the District of Minnesota.  Ten months of Sjothun's sentence was imposed consecutive to the District of Minnesota Sentence.  He claims had he known he could receive a consecutive sentence, he would not have pled guilty.

However, at his change of plea, the Court discussed with Sjothun that his plea agreement was non-binding on the Court and the Court retained authority to sentence him as the Court believed appropriate.  The plea agreement specifically states, "The Court may impose a reasonable sentence anywhere within the statutory range." (doc. #41, ¶18).  After discussing this with Sjothun, he stated he understood the Court was not bound by the plea agreement.  With this knowledge, Sjothun pled guilty.

Defense counsel's belief the Court would sentence concurrently was not incorrect.  Therefore, his representation

4

did not fall below <u>Strickland</u>'s objective standard.  Furthermore,
if the Court were to assume counsel's advice was deficient,
Sjothun cannot show prejudice because he knew the Court was not
bound by the plea agreement or the attorney's recommendations for
sentencing and could be sentenced consecutively.  Therefore,
Sjothun cannot show prejudice, and his argument fails.

## III. Conclusion

Sjothun's motion under 28 U.S.C. § 2255 is **DENIED**.  In
addition, the Court certifies that an appeal from the denial of
these motions may not be taken in forma pauperis because an
appeal would be frivolous and cannot be taken in good faith.
<u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).  Upon the
entire record before the Court, dismissal of the motion is not
debatable, reasonably subject to a different outcome on appeal,
or otherwise deserving of further proceedings.  <u>Barefoot v.
Estelle</u>, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate
of appealability will not be issued by this Court.[2]

**IT IS SO ORDERED.**

Dated this 11th day of January, 2008.

RODNEY S. WEBB, District Judge
United States District Court

---

[2] The Court of Appeals for the Eighth Circuit has opined
that the district courts possess the authority to issue
Certificates of Appealability under Section 2253(c). <u>Tiedeman v.
Benson</u>, 122 F.3d 518, 522 (8th Cir. 1997).